CITY OF CLEVELAND, Appellee,

v.

FOX, Appellant.

[Cite as *Cleveland v. Fox* (2001), 144 Ohio App.3d 675.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79107.

Decided July 23, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Kevin W. Rumes,* Assistant Prosecuting Attorney, for appellee.

*Csank & Csank Co., Julius E. Kovacs* and *James F. Csank,* for appellant.

---

COLLEEN CONWAY COONEY, Judge.

On June 23, 2000, defendant-appellant Benjamin Fox was stopped while towing a vehicle within the Cleveland city limits and cited for operating a tow truck without a validly issued Cleveland tow truck driver's license, in violation of Section 677A.14 of the Cleveland Codified Ordinances ("CCO").

Fox pled not guilty to the charge and filed a motion to dismiss, claiming that the CCO 677A.14 violates Clause 2, Article 6 of the United States Constitution,

the Supremacy Clause. Fox argued that municipal regulations pertaining to tow truck operators have been preempted by the Interstate Commerce Commission Termination Act of 1995, codified at Section 14501, Title 49, U.S.Code. The city of Cleveland opposed the motion, arguing that CCO 677A.14 is exempt from the preemption provision because it qualifies as a safety regulation.

The trial court denied Fox's motion to dismiss. Fox entered a plea of no contest and was fined $50 and court costs. He now appeals, raising the following assignment of error:

"The court below erred in overruling defendant's motion to dismiss."

At issue is CCO 677A.14, which requires that "[e]very person driving a tow truck [within the city of Cleveland] shall be licensed," and sets forth the requirements for the special Cleveland towing license.

Relying on Section 3, Article XVIII of the Ohio Constitution, Cleveland maintains that the ordinance has been adopted as a safety regulation, and thus is permissible pursuant to the police powers held by municipalities. However, Fox argues that CCO 677A.14 violates the general preemption provision set forth in Section 14501, Title 49, U.S.Code. That provision was first passed as part of the Federal Aviation Administration Authorization Act, which attempted, in part, to deregulate the motor carrier industry. *Petrey v. Toledo* (C.A.6, 2001), 246 F.3d 548, 554; *R. Mayer of Atlanta, Inc. v. Atlanta* (C.A.11, 1998), 158 F.3d 538, 541.

Section 14501 sets forth the authority of the United States over intrastate transportation. Specifically at issue is Section 14501(c), Title 49, U.S.Code, which provides:

"(c) Motor carriers of property.

"(1) General rule. Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier * * * or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

"(2) Matters not covered. Paragraph (1)—

"(A) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization; * * *."

At the time that this appeal was filed, appellant relied on *Petrey v. Toledo* (N.D.Ohio 1999), 61 F.Supp.2d 674, 676–680, in which the federal district court granted summary judgment in favor of a tow truck company that challenged the city of Toledo's ordinances requiring licenses for tow truck drivers operating in that city. The federal district court held that Section 14501(c) permits states but not political subdivisions to engage in safety regulations that have been exempted from the statute's general preemption provision. This ruling was upheld, in part, by the federal circuit court of appeals in *Petrey v. Toledo* (C.A.6, 2001), 246 F.3d 548.

Petrey, a towing company, sued Toledo on the grounds that its licensing scheme for tow trucks was unconstitutional. First, tow truck companies that wished to perform nonvoluntary towing service for Toledo were required to obtain special licenses. The Sixth Circuit Court of Appeals upheld this requirement, finding that Toledo was entitled to have a stringent licensing requirement in instances where the city itself was hiring the tow truck company under the municipal-proprietor exception to the preemption clause.

The second issue in *Petrey* was that the ordinance generally required all tow drivers in Toledo to obtain a special towing license. Because all tow drivers, not just those working for the city, were required to obtain licenses, this ordinance did not fall within the narrow exception to the preemption for municipal actions driven by purely proprietary interests. *Petrey*, 246 F.3d 548 at 559.

Although the Toledo ordinances may not be identical to CCO 677A.14, the issue raised in *Petrey* is the exact issue at hand. Thus, we will apply the same analysis adopted by the *Petrey* court.

CCO 677A.14 requires individual drivers of tow trucks to obtain licenses in order to operate in the city of Cleveland. As stated above, Section 14501(c)(1) prevents states or political subdivisions from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier * * * with respect to the transportation of property." Each federal circuit court that has addressed this provision, including those cited by Cleveland in support of its position, have held that Section 14501(c)(1) applies to state and local laws regulating towing services. See *Petrey*, 246 F.3d 548 at 559; *Tocher v. Santa Ana* (C.A.9, 2000), 219 F.3d 1040, 1048; *Cardinal Towing v. Bedford* (C.A.5, 1999), 180 F.3d 686, 691; *Ace Auto v. New York* (C.A.2, 1999), 171 F.3d 765, 774; *Mayer*, 158 F.3d at 543. These courts have further held that ordinances similar to Cleveland's do relate to a price, route, or service of the towing industry. See *Petrey*, 246 F.3d 548 at 559; *Tocher*, 219 F.3d at 1047–1048; *Cardinal Towing*, 180 F.3d at 691; *Ace Auto*, 171 F.3d at 771; *Mayer*, 158 F.3d at 545.

Thus, because CCO 677A.14 relates to a price, route, or service of the towing industry, the plain language of Section 14501(c)(1) preempts it, unless an exception to preemption applies. *Petrey*, 246 F.3d at 559.

Section 14501(c)(1)'s general preemption provision is subject to several exceptions. The exception upon which Cleveland focuses its arguments is Section 14501(c)(2)(A), which states that the general preemption provision in Section 14501(c)(1) "shall not restrict the safety regulatory authority of a State with respect to motor vehicles * * *." Cleveland contends that the challenged towing provision is statutorily excepted from preemption because it falls within the category of safety regulations.

In addressing this same argument by Toledo, the *Petrey* court noted:

"[W]hile the term 'political subdivisions' is mentioned seven times in 49 U.S.C. § 14501, the term is notably absent from the exception to preemption in § 14501(c)(2)(A). Section 14501(c)(2)(A) states that the general preemption provision in § 14501(c)(1) 'shall not restrict the safety regulatory authority of a State with respect to motor vehicles * * *.'" (Emphasis deleted.) *Petrey*, 246 F.3d at 560.

There is currently a conflict among the circuits regarding whether the omission of the phrase "political subdivision" in Section 14501(c)(2)(A) reflects Congress' intent that safety regulation by political subdivisions not be exempted from preemption. Cleveland argues that this court should follow the Second Circuit Court of Appeals, which held that safety regulation by political subdivisions does fall within the exception to preemption. *Ace Auto*, 171 F.3d at 775–776. However, in the recently decided *Petrey*, the Sixth Circuit Court of Appeals has decided to follow the Ninth and Eleventh Circuits, "hold[ing] that, while states may regulate the safety of motor carriers, political subdivisions may not." *Petrey*, 246 F.3d at 561.

Thus, Cleveland does not have the authority to engage in safety regulations under Section 14501(c)(2)(A). Because Cleveland may not avoid preemption under this exception, we need not address the issue whether CCO 677A.14 constitutes safety regulations that would fall within Section 14501(c)(2)(A)'s exception to preemption. *Petrey*, 246 F.3d at 563–564.

None of the statutory exceptions to Section 14501(c)(1) apply to Cleveland's general license requirement for all city tow truck drivers. Therefore, CCO 677A.14 should not have been enforced against appellant. Thus, the trial court's decision denying appellant's motion to dismiss is reversed.

*Judgment reversed.*

JAMES D. SWEENEY, P.J., and PATRICIA A. BLACKMON, J., concur.